ANNA FLANNIGAN

*v.*

WILLIAM HOWARD *et al.*

*Opinion filed December 16, 1902.*

1. ADOPTION—*when requirement that petition give the residence of the child's parents is complied with.* The requirement of the statute that a petition for adoption shall give the residence of the child's parents is sufficiently complied with to give jurisdiction if the petition names the parents and alleges their consent, and their written consent is likewise filed with the petition, which consent gives the names and residence of the parents.

2. SAME—*if county court had jurisdiction of adoption proceeding its order cannot be collaterally attacked.* If the county court had jurisdiction to enter an order of adoption, such order cannot be attacked in a proceeding by the adopted child to have her portion of her adoptive parent's estate awarded to her.

3. SAME—*adopted child is a lawful child for purposes of inheritance.* An adopted child is the lawful child of the adoptive parents for all purposes of inheritance, and is in the eyes of the law as much the child of such parents as though it had been born to them.

4. SAME—*adopted child comes within section 10 of the Statute of Descent.* A child adopted after a will is made is within the meaning of section 10 of the Statute of Descent, providing that if a child is born to the testator after his will is made, and there is no provision for such child and no intention to disinherit it appears, the legacies and devises shall be abated to raise an amount equal to that which the child would have received had the parent died intestate.

WRIT OF ERROR to the Circuit Court of LaSalle county; the Hon. CHARLES BLANCHARD, Judge, presiding.

BUTTERS & CARR, for plaintiff in error:

In construing a statute adopted from another State the courts of this State will adopt the construction given it by the courts of the State from which it is adopted, unless such construction is antagonistic to the law of this State. *Gage* v. *Smith*, 79 Ill. 219; *People* v. *Fidelity Co.* 153 id. 25.

The object of a statute should be considered in its construction. *Gormley* v. *Uthe*, 116 Ill. 643; *People* v. *Hinrichsen*, 161 id. 223.

The intention of the legislature must govern in the construction of a statute. *Thompson Co.* v. *Insurance Co.* 66 Ill. App. 254.

In determining the intention and to give effect to the statute the object should be considered, and words may be rejected and others substituted. *Railway Co.* v. *People,* 144 Ill. 458; Potter's Dwarris on Stat. 218; *People* v. *Harrison,* 191 Ill. 266; *Ottawa Gas Light Co.* v. *Downey,* 127 id. 201.

In a case where a party makes a will and subsequently adopts a child, there being no provision in said will for such adopted child and it not appearing by said will that it was the intention of said testator to disinherit such child, the devises and legacies by such will granted and given shall be abated in equal proportions to raise a portion for such child equal to that which such child would have been entitled to receive out of the estate of said testator if he had died intestate. *Sewall* v. *Roberts,* 115 Mass. 262; *Hilpipre* v. *Claude,* 109 Iowa, 159; *Keegan* v. *Geraghty,* 101 Ill. 26; *Sayles* v. *Christie,* 187 id. 431; *Ward* v. *Ward,* 120 id. 111; *Eckford* v. *Knox,* 67 Tex. 200; *Power* v. *Haffley,* 4 S. W. Rep. 683; *Appeal of Ronan,* 132 Pa. St. 299; *Von Beck* v. *Thomsen,* 60 N. Y. 1094; *Markover* v. *Krause,* 132 Ind. 294; *Fosburgh* v. *Rogers,* 114 Mo. 122; *Johnson's Appeal,* 88 Pa. St. 346; *Simmons* v. *Burrell,* 28 N. Y. 625; *Bowdlear* v. *Bowdlear,* 112 Mass. 184; *In re Wright's Estate,* 11 Pa. Co. Ct. 492; *Barnhizel* v. *Ferrell,* 47 Ind. 335; *Krug* v. *Davis,* 87 id. 590; *Humphrey* v. *Davis,* 100 id. 274; *Paul* v. *Davis,* 100 id. 422.

E. J. KELLY, and D. B. SNOW, for defendants in error:

Under section 10 of the Statute of Descent an adopted child cannot be regarded the same as "a child born to any testator," and so is not entitled to receive out of the estate of the testator the same property as if the testator had died intestate. This section was taken from the statutes of 1845, and so was in force many years before the statute with reference to the adoption of children.

It is a maxim in the construction of statutes that the law does not favor a repeal by implication. The earliest statute continues in force unless the two are clearly inconsistent with and repugnant to each other, or unless in the latest statute some express notice is taken of the former plainly indicating an intention to repeal it. Where two acts are seemingly repugnant, they should, if possible, be so construed that the latter may not operate as a repeal of the former by implication. *Ottawa* v. *LaSalle County,* 12 Ill. 340; *People* v. *Barr,* 44 id. 198; *Wragg* v. *Penn Township,* 94 id. 11; 23 Am. & Eng. Ency. of Law, 491, 492.

An adopted child can inherit only from its adopting parents, and it may by a like process of reasoning be held that then only in the event the adopting parents shall die intestate, or as to intestate property. *Foley* v. *Foley,* 61 Ill. App. 577; *Pulaski County* v. *Stuart,* 28 Gratt. 879.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Bridget Howard, of LaSalle county, made her last will and testament in October, 1894, by which she disposed of all her property. By the will certain specific bequests were made and the residue was given to three children, Catherine, Peter and William. No provision was made for any child that might be born afterward, and it did not appear by the will that it was her intention to disinherit such child if there should be one. On December 21, 1898, she filed in the county court of LaSalle county her petition for the adoption of her grandchild, Anna Flannigan, plaintiff in error, then thirteen years old, and asked the court to make an order declaring said child to be her adopted child and capable of inheriting her estate. The petition was accompanied by the written consent of Thomas Flannigan and Mary A. Flannigan, parents of plaintiff in error, who thereby waived service of notice of the application for adoption. On the same day the cause was heard and the court

entered an order that plaintiff in error should be from thenceforth the adopted child of said Bridget Howard and capable of inheriting her estate. Bridget Howard died February 18, 1899, leaving said last will and testament, which was admitted to probate in the probate court of LaSalle county. Plaintiff in error filed her petition in said probate court alleging said facts, and praying that the several devises and legacies granted and given by the will should be abated in equal proportions to raise a portion for her equal to that which she would have been entitled to receive out of the estate of testatrix if she had died intestate. Upon a hearing the probate court dismissed the petition. An appeal was taken to the circuit court of LaSalle county, where the cause was heard and the petition was again dismissed. The estate consisted, in part, of lands, and the writ of error in this case was sued out from this court to review the judgment of the circuit court.

It is contended by defendants in error that plaintiff in error was not legally adopted by Bridget Howard. In order to sustain that claim it would be necessary to show that the county court of LaSalle county never acquired jurisdiction to enter an order of adoption, and it is conceded that if the county court had jurisdiction the order cannot be collaterally attacked in this proceeding. The only objection going to the jurisdiction of that court is, that the petition failed to state the place of residence of the parents of the plaintiff in error. The statute provides that the petition shall state the name, sex and age of the child sought to be adopted, and if it is desired to change the name, the new name, the name and residence of the parents of the child, if known to the petitioner, and of the guardian, if any, and whether the parents or the survivor of them, or the guardian, if any, consents to such adoption. (1 Starr & Cur. Stat.—ed. 1896,—p. 353.) The petition gave the names of the parents of plaintiff in error and alleged that they consented to her adoption

by petitioner, as would appear from their written consent filed therewith. The written consent filed with the petition gave as the residence of the parents, Lostant, in the county of LaSalle, State of Illinois. There must be a substantial compliance with the provisions of the statute, but the construction of the statute should not be so narrow or technical as to invalidate proceedings where every material provision has been complied with. Every purpose of stating the place of residence of the parents was fully satisfied by the statement in the written consent, which was referred to in the petition and filed with it as a part of the application. The statute was substantially complied with. The court had jurisdiction over the petitioner, the plaintiff in error, who resided with petitioner in LaSalle county, and the natural parents. All the jurisdictional facts appeared from the record of the county court, and the order is not open to collateral attack in this proceeding.

The remaining question is whether plaintiff in error is within the terms of section 10 of chapter 39 of the statute in regard to the descent of property. (2 Starr & Cur. Stat.—ed. 1896,—p. 1433.) That act was in force July 1, 1872, and said section provides as follows: "If, after making a last will and testament, a child shall be born to any testator, and no provision be made in such will for such child, the will shall not on that account be revoked; but unless it shall appear by such will that it was the intention of the testator to disinherit such child, the devises and legacies by such will granted and given, shall be abated in equal proportions to raise a portion for such child equal to that which such child would have been entitled to receive out of the estate of such testator if he had died intestate." The act of 1867 providing for the adoption of children was then in force. (Gross' Stat.—ed. 1869,—319.) That act provided that the relation between a person adopting a child and such child should be, as to their rights and liabilities, the same as

if the relation of parent and child existed between them, except that the adoptive father or mother should never inherit from the child. Afterward the law in relation to the adoption of children was revised by the act in force July 1, 1874, constituting chapter 4 of the Revised Statutes. (1 Starr & Cur. Stat.—ed. 1896,—p. 353.) Section 5 of that act is as follows: "A child so adopted shall be deemed, for the purpose of inheritance by such child, and his descendants and husband or wife, and other legal consequences and incidents of the natural relation of parents and children, the child of the parents by adoption, the same as if he had been born to them in lawful wedlock, except that he shall not be capable of taking property expressly limited to the body or bodies of the parents by adoption, nor property from the lineal or collateral kindred of such parents by right of representation."

By this section an adopted child, for the purpose of inheritance and other legal consequences and incidents of the natural relation of parents and children, is declared to be, in law, the child of the parents, the same as if he had been born to them in lawful wedlock, except as therein stated. By the plain and unambiguous language of the statute the right of plaintiff in error to inherit from Bridget Howard is made identical with the right of a child born to her, and when plaintiff in error became her child by adoption after the making of the will, the effect, in law, was precisely the same as the birth of a child to the testatrix. The argument against the rights of plaintiff in error is solely on the ground that she was not, as a matter of fact, born to the testatrix, and therefore not the sort of a child mentioned in the Statute of Descent. This argument would apply with equal force to other sections of the same act which provide for the descent of intestate property to children of the decedent, making no reference to children by adoption. By accepted definitions a child is the immediate progeny of human parents,

and in its natural meaning the word applies to offspring born to such parents. By the statute, however, the relation of parent and child is recognized and declared as legally existing between persons not so related by nature. The Statute of Descent does not, in any case, mention this legal relation of an adopted child and the adopting parent, but the right of the adopted child is fixed by the act providing for adoption, which creates, in law, the relation of parent and child. The purpose of section 10 of the act in regard to descent is to give to a child who shall come into existence after the making of a will, and who would inherit but for the will, the same rights it would have if the estate were intestate, where no provision is made in the will for such child and no contrary intention is expressed in the will. The act says that if a child shall be born to a testator after the making of a will such child shall have the rights of inheritance therein specified, and the act providing for the adoption declares that the adopted child shall have the same right as a child born to such testator. So far as inheritance is concerned, the adopted child is to be deemed the child of the testator, precisely the same as though born to the testator. This is the construction given to a statute in all material respects like our own by the Supreme Court of Iowa in *Hilpipre* v. *Claude*, 109 Iowa, 159. The Iowa statute provides that "the subsequent birth of a legitimate child to the testator before his death will operate as a revocation." The statute providing for the adoption of children confers upon the adopted child "all the rights, privileges and responsibilities which would pertain to the child if born to the person adopting, in lawful wedlock," and that "the rights, duties and relations between parent and child by adoption shall thereafter in all respects, including the right of inheritance, be the same that exists by law between parents and children of lawful birth." In that case it was held that the adoption of a child subsequent to the making of a will by the adopting parent operated as a

revocation of the will. Our statute is copied from the Massachusetts act, and under that act it was held that, so far as the right of inheritance is concerned, an adopted child must be regarded in the light of a child born to the adopting parent. (*Sewall* v. *Roberts,* 115 Mass. 262.) An adopted child becomes the lawful child of the adopting parent for all purposes of inheritance, and is in the eyes of the law as much the child of such parent as though it had been his own child. (*Keegan* v. *Geraghty,* 101 Ill. 26; *Sayles* v. *Christie,* 187 id. 420.) The authorities are generally to the effect that for all purposes of inheritance an adopted child is the lawful child of the adopting parent, except as otherwise provided by the statute. We are of the opinion that plaintiff in error is within the provisions of the statute and entitled to its benefits.

The judgment of the circuit court of LaSalle county is reversed and the cause is remanded to that court, with directions to enter an order granting the prayer of the petition.

*Reversed and remanded.*