Case 38.—PROCEEDINGS BY T. B. PORTER'S EXECUTOR AND OTHERS FOR A SETTLEMENT OF HIS ESTATE AND CONSTRUCTION OF HIS WILL.—April 14.

## Porter v. Porter's Ex'r.

Appeal from Hopkins Circuit Court.

T. J. Nunn, Circuit Judge.

From the judgment Murris Porter appeals. Reversed.

### Wills—Afterborn Children—Pretermitted.

1. Wills—Afterborn Children—Pretermitted—Where a will clearly indicates that testator's afterborn children were in his mind when the will was made, and he made such provision for them as he then thought proper, they are not pretermitted, as under Ky. Stats., sec. 4848, only "such afterborn children as are not provided for by any settlement, and neither provided for nor expressly excluded by the will are "pretermitted."

2. Same—The word "pretermitted" means to "pass by," "to omit," "to disregard." The statute (sec. 4848) was enacted not to control the right of the testator to dispose of his estate according to a plan of his own, but to guard against carelessness and oversight in those who, having written their wills, afterwards have children born unto them and fail to make provision for them. But if there be in the language of the testament a clear indication that there has been no oversight or omission, and that the testator has chosen to

Porter v. Porter's Ex'r.

distribute his estate unequally among his children, or even to exclude some of them entirely, it is not the policy of the law to interfere with his right to do so.

W. J. COX for appellant.

### SYNOPSIS.

1. Appellant's only remedy is by appeal to this court as all of the errors complained of appear on the record. (Ogden v. Stephens, 98 Ky., 564; sec. 518, Civil Code.)

2. The judgment is erroneous because it does not name the day on which the commissioners should meet upon the lands described in the petition and judgment to divide said lands contrary to the mandatory provisions in sub-sec. 5. sec. 499 of the Civil Code of Prac.

3. Although the defendants were infants, no proof was taken to support the allegation of plaintiff's petition as required by sub-sec. 1 of sec. 126 of the Civil Code. (Finzers v. Nevin, 13 Ky. Law Rep., 773-775.)

4. The submission of this cause for trial over the objections of the infant appellant and immediately after the filing of his answer was erroneous. (Sec. 364, Civil Code; Smith v. Ferguson, 3 Met., 424.)

5. The report of the commissioners filed herein shows on its face a gross injustice has been done this appellant.

PRATT & WADDILL for appellees.

(No brief for appelles in the record.)

Opinion of the Court by Judge Barker; reversing.

T. B. Porter died testate at his residence in Hopkins county, Ky., on the 18th day of June, 1899, leaving a wife, Elizabeth Porter, and seven infant children, surviving him. His will was written on the 24th day of January, 1887, and at that time he had only three children, Murris Porter, the appellant, Bradford Lawrence, and Willie Morgan Porter. After his death the will was admitted to probate. His estate consisted of his home place, containing 297 acres, and a tract called the "Hall Place," containing 40 acres. His personal estate at the time of his

death seems not to have been sufficient to pay his debts and the cost of settlement. By the second clause of the will the home place of 297 acres of land was devised to the wife of the testator, Elizabeth Porter, until her two sons, Bradford Lawrence and Willie Morgan, arrived at the age of 21 years, or during her widowhood. If the widow married before her two children arrived at 21 years, the land was to go to them at once. When the youngest arrived at the age of 21 years, they were to receive it at that date. The third and fourth clauses of the will are as follows:

"Third—I also give and bequeath to my said wife, Elizabeth Porter, one-third of my personal estate that may remain for distribution, after the payment of my debts and the costs of administration. Said estate to be held in trust for her use by my executor and the interest and profits thereof to be paid to her annually. At the death of my wife, the personal estate devised to her which may remain shall go to my sons Bradford Lawrence and Willie Morgan Porter, and such children, if any, as I may have by her giving to each child an equal share.

"Fourth—All of my personal estate not bequeathed to my wife shall go to my sons Bradford Lawrence and Willie Morgan Porter and such other children, if any, as I may have by said wife, giving to each an equal share."

In the fifth clause of the will the testator gave to his son Murris Porter, who was a child by a former wife, his tract of 40 acres, known as the "Hall Place," with the condition that if he died before he reached the age of 21 years it should go to the other children of the testator, giving to each an equal share.

H. F. Porter, a brother of the testator, was nominated in the will as its executor. Within the time allowed by law, the widow, Elizabeth Porter, re-

nounced the provision of the will in her favor, and
elected to take under the statute. Her dower was
thereupon set aside to her in accordance with its pro-
visions. After duly and legally qualifying, the ex-
ecutor, H. F. Porter, instituted this action in the
Hopkins circuit court for the purpose of obtaining
from the chancellor a construction of the provisions
of the will, and a judgment dividing the estate among
the beneficiaries in accordance with its terms. The
widow and the seven children of the decedent were
made parties defendant and brought before the court,
and the interests of the infants safeguarded by the
appointment of guardians ad litem. The action was
then submitted for judgment upon the pleadings, there
being no controversy as to any material fact; where-
upon the chancellor entered a judgment, holding that
the four children born to the decedent after Janu-
ary 24, 1887, which was the date of the will, were
"pretermitted," and entitled, under the provisions
of sec. 4848, Ky. Stats., 1903, to participate in the
estate of their father as if he had died intestate.
So much of the statute as is pertinent to the subject
in hand is as follows: "If a will is made when a
testator has a child living, and a child is born after-
ward, such after-born child, or any descendant of his,
if not provided for by any settlement, and neither
provided for nor expressly excluded by the will, but
only pretermitted, shall succeed to such portion of
the testator's estate as he would have been entitled
to if the testator had died intestate; toward raising
which portion the devisees and legatees shall, out of
what is devised and bequeathed to them, contribute
ratably, either in kind or money, as a court of equity
in the particular case may deem most proper." By
the judgment commissioners were appointed to divide

vol. 120—20

the estate among the seven children, giving to those called "pretermitted" such share in their father's estate as they would have taken had he died intestate, and to the three specially named devisees the remainder in the same proportion they would have taken had there been no pretermitted children. These commissioners divided the estate according to the terms of the judgment, and made report thereon in writing, which was afterwards approved by the chancellor, to all of which the appellant, Murris Porter, by his guardian ad litem, excepted and appealed.

The conclusion we have reached as to the children born after the date of the will being pretermitted within the terms of the statute renders it unnecessary that we should examine the various exceptions filed to the commissioners' report. It will be observed that, by the language of the statute, only such afterborn children as are "not provided for by any settlement, and neither provided for nor expressly excluded by the will," are pretermitted. The word "pretermitted," according to Webster, means "to pass by," "to omit," "to disregard." The statute was enacted not to control the right of the testator to dispose of his estate among the beneficiaries of his bounty according to a plan of his own, but to guard against the hardship frequently arising from oversight and carelessness in those who, having written their wills, afterward have children born unto them and fail to make provision for them. But if there be in the language of the testament a clear indication that there has been no oversight or omission, and that the testator has chosen to distribute his estate unequally among his children, or even to exclude some of them entirely, it is not the policy of the law to interfere with his right to distribute his estate according to his pleasure. An examination of

the will in question shows that the testator had in mind the possibility, or even probability, of there being other children born to him after its date. By secs. 3 and 4 he provides that such after-born children shall participate in such personal property as is disposed of under its terms after his death. This clearly indicates that these after-born children were in the mind of the testator at the time his will was written, and he made such provision for them as he thought proper. It does not alter the principle of law that by the accident of time the testator at his death had little or no personal property to divide among his children. The will must be constructed in this case, where the testator left no personal property, just as if he had left a large personal estate. This being true, it follows that the chancellor erred in holding that the after-born children were pretermitted under the terms of the statute, and in permitting them to participate in the division of their father's real estate, which was specially devised to his three sons.

For the reasons indicated, the judgment is reversed, and cause remanded for proceedings consistent herewith.

JUDGE NUNN not sitting.