Case 90.—SETTLEMENT SUIT BY ANN C. BEAN'S ADM'R AGAINST CAROLINE LOGAN AND OTHERS.—June 9.

## Logan, &c. v. Bean's Adm'r.

Appeal from Clark Circuit Court.

James M. Benton, Circuit Judge.

From the jurgment defendants appeal.    Affirmed.

Wills—Afterborn Child—Mention in Will—Pretermitted—Direction to Sell Land—Failure to Comply—Liability for Debts of Devisee.

1. Wills—Afterborn Child—Mention in Will—Pretermitted—Testator died in 1900. His daughter and only child, Caroline (appellant), was born in 1893. By his will, written in 1892, testator devised all his estate, real and personal, to his wife to do with as she pleased; and further provided: "If my wife has any children at my death, I desire that this will be the same, or that she have full control of all money arising from my property that I may have at my death." Testator's widow, after his death, married John E. Bean, and soon thereafter died. The infant child, Caroline, by her guardian, set up claim to testator's land, on the ground that she was not born at the time this will was written and was not provided for or mentioned in the will. Held—That under Ky. Stats., secs. 4842 and 4848, the appellant, Caroline, was "mentioned" in the will, and, therefore, took no interest in the property under the statute.

2. Direction to Sell Land—Failure to Comply—Liability for Debts of Devisee—Testator directed that his property be sold and proceeds paid to his widow after paying debts and funeral expenses. The widow kept the land and agreed with the executor to assume the debts and discharge him from liability. Held—That the land belonged to the widow, and was subject to her debts at her death.

ROBT. HARDING AND C. R. McDOWELL for appellant.

We insist that under the will of L. S. Logan, if his widow had no children at his death, then she had the right to consume both principal and interest of the money received by her from the sale of the land, and if any residue is left at her death this residue "is to be hers to will or give away," and if she fails to do either, the testator's heirs take it. If, however, she has children at his death, she may control it to the extent of consuming both principal and interest; but any residue left at her death can not be willed or given away, but should go to testator's only child, subject, of course, to the payment of his debts. (Knut v. Knut, 22 Ky. Law Rep., 974; Ky. Stats., sec. 4847.)

PENDLETON & BUSH and HAZELRIGG & HAZELRIGG for appellees.

QUESTIONS AND AUTHORITIES.

1. The last clause of the will excluded all of testator's afterborn children as a class, and the afterborn child, Caroline, has no interest in testator's property under sec. 4847, Ky. Stats. (Sec. 4847, Ky. Stats.; sec. 4848, Ky. Stats.; sec. 4842, Ky. Stats.; Leonard v. Enochs, 92 Ky., 187; Blankenbaker v. Snyder, 18 Ky. Law Rep., 437.)

2. A will which directs that all testator's debts and funeral expenses be first paid, and that the money left be paid over to or invested for his wife, as she might desire, and that the sale of all testator's real and personal property be done as the executor thinks best; and which fixes no limitation on the estate bequeathed to the wife, and makes no devise over or other disposition of the estate, vests the fee in the wife. (Sec. 2342, Ky. Stats.; Constantine, &c. v. Moore, &c., 23 Ky. Law Rep., 369; Snyder v. Baer, 13 L. R. A., 359, citing Morris v. Phaler, 1 Watts, 389; Musselman's Estate, 39 Pa., 469; Second Reformed Presby. Church v. Disbrow, 52 Pa., 219; Groves' Estate, 58 Pa., 429.)

3. Where the will directs the executor to sell testator's land and to pay the residue of the proceeds, after the payment of debts, to the widow, or invest it for her, as she might desire, the devise is of money and not of land, by the doctrine of equitable conversion. (Arnold v. Arnold, 11 B. M., 88; Gedges, et. ux. v. Western Baptist Theological Inst., &c., 13 B. M., 537; Smith v. Moss, 4 Ky. Law Rep., 532; Goldsmith v. Cone, 7 Ky. Law Rep., 520.)

OPINION BY CHIEF JUSTICE HOBSON—Affirming.

L. S. Logan died on March 14, 1900, the owner of

some valuable land in Lincoln county. He left a will, which was duly admitted to probate after his death, and is as follows:

"Danville, Ky., Nov. 7th, 1892.

"I desire that my brother, D. F. Logan, act as my administrator without bond.

"1. I desire that all my debts and funeral expenses be paid.

"2. I desire that all money left after my debts and funeral expenses are paid, to be paid over to or invested for my wife (Ann C. Logan) as she desires. The sale of all my property, both real and personal, is to be done as my brother, D. F. Logan, thinks best. If I should at any time be killed my accident policy with F. N. Lee, agent, for five thousand dollars ($5,000) is also to be my wife's to do with as she pleases and all my property left at her death is to be hers to will or give away as she sees best.

"If my wife has any children at my death, I desire that this will be the same or that she have full control of all money arising from any property that I may have at my death."

At the time the will was written he had no children; but a daughter, Caroline, was born to him in the year 1893, after the will was written. His widow, Ann C. Logan, after his death married John E. Bean, and not long thereafter died, on June 26, 1903, a resident of Clark county. Bean qualified as her administrator, and brought this suit to settle her estate. The infant child of Lucien Logan, Caroline Logan, by her guardian, appeared in the action, and set up claim to the land on the ground that she was not born at the time the will was written, and that she was not provided for or mentioned in the will. Sec. 4847 of the Ky. Stats. of 1903, is as follows: "If any person dies leaving a child, or his wife with child which shall be

born alive, and leaving a will made when such per- son had no child living, wherein any child he might have is not provided for or mentioned, such will, except so far as it provides for the payment of the debts of the testator, shall be construed as if the devises and bequests therein had been limited to take effect in the event that the child shall die under the age of twenty-one years, unmarried, and without issue." The circuit court held that the infant child was mentioned in the will, and therefore took no interest in the property under the statute. She, by her guardian, appeals.

In determining the proper construction of sec. 4847, Ky. Stats., 1903, we should read it in connection with sec. 4842 and sec. 4848, which are as follows:

"Sec. 4842. If the testator has a child or grandchild living at the time of his death whom, then and at the time of making the will, the testator believes to be dead, or if a child dies out of the State within the knowledge of the testator, leaving issue of which the testator has no knowledge at such time and no provision for or exclusion of such child, grandchild or issue is made by the will, the child, grandchild or issue, shall take of the testator's estate as if he had died intestate, and as is hereinafter provided in favor of a pretermitted child.   *   *   *

"Sec. 4848. If a will is made when a testator has a child living, and a child is born afterwards, such after-born child, or any descendant of his, if not provided for by any settlement, and neither provided for nor expressly excluded by the will, but only pretermitted, shall succeed to such portion of the testator's estate as he would have been entitled to if the testator had died intestate; toward raising which portion the devisees and legatees shall, out of what is devised and bequeathed to them, contribute ratably, either in

kind or in money, as a court of equity in the particular case may deem most proper.''

The purpose of all three of these sections is to prevent injustice from the pretermission of children. Though there is some slight difference of phraseology, the mischief to be remedied in all is much the same, and the proper construction of one throws light on the meaning of the others. In Leonard v. Enochs, 92 Ky., 187, 13 Ky. Law Rep., 506, 17 S. W., 437, the testator had one child of the age of seven years at the time he made his will, and about two months after his death a daughter was born. He made his wife the sole object of his bounty, making no reference to either his living child or the one unborn. The court held that, as the living child was excluded by the will, the intention was to be gathered from the will to exclude his children as a class.

This case was followed in Porter v. Porter's Ex'r, 120 Ky., —, 86 S. W., 546, 27 Ky. Law Rep., 699, where the will showed on its face that the testator contemplated that he might have other children and made no provision for them. The language of sec. 4848 is fully as strong or stronger than in section 4847.

In the case before us the testator expressly says in the concluding clause of his will, "If my wife has any children at my death, I desire that this will be the same." This shows that he had in mind that children might be born to them, and to provide for this contingency he expressly stated in his will that, if such children were born, he desired the will to be the same. The words "if my wife has any children at my death" manifestly refer to children by him, for at the date of the will neither he nor his wife had any children. She had not been married before, and he did not contemplate providing against children which

might be born to her from a second marriage, for such children would take no interest in his estate in any event.

The case of Knut v. Knut, 58 S. W., 583, 22 Ky Law Rep., 972, turns on the phraseology of the will there before the court. It has no application where the will evinces the testator's intention to exclude the unborn child, as in the will before us.

After the death of L. S. Logan the land was not sold as directed in his will, but the widow, Ann C. Logan, assumed the debts, and held the land as long as she lived; she and the executor, D. S. Logan, having made a written agreement by which he was discharged. She was, in equity, the owner of the land, subject to the charge of the debts, and when she died the land in her hands was liable also for her debts. The county court of her residence had jurisdiction to appoint an administrator of her estate, and the circuit court of that county had jurisdiction to settle the estate. The written contract between the executor and the widow concludes with these words placed at the foot of his final settlement: "Said Mrs. Ann Logan has paid and taken up a note given said D. F. Logan, as executor and individually, for the sum of $284.93, to Boyle National Bank, for borrowed money, and it is now agreed that said executor is released from all responsibility on account of said estate, and said executor having no claim against the estate or against Mrs. Logan, the Boyle County Court is hereby directed to accept this statement above as a full and complete settlement of said executor. This April 10, 1901." The executor being discharged, no one had any interest in the land except the widow and the creditors. As she had assumed the payment of the debts of the estate, the executor regularly should have conveyed the land to her, re-

taining a lien for the payment of the debts; but the omission of this bare form did not change or affect the substantial rights of the parties.

Judgment affirmed.