# The People of the State of Illinois ex rel. Harry G. Warner and Josephine E. Warner, Defendant in Error, v. Cora Wethel, Plaintiff in Error.

## Gen. No. 22,295.

1. ADOPTION, § 8*—*who not necessary party to petition.* Since the Adoption Act, sec. 2 (J. & A. ¶ 194), did not, prior to the amendment of 1907, require that the child sought to be adopted be made a party to the petition, the provision of the amended section that "all persons so named in the petition shall be made defendants" is not to be construed as requiring that the child be joined as defendant, thereby invalidating adoptions made since the passage of the amendment, since it must be assumed that had the Legislature intended to change the construction of the section in this respect, it would have made its purpose clear by explicit language, and would not have left it in any way uncertain.

2. COURTS, § 146*—*how opinions construed.* The language of the Supreme Court in rendering opinions is always to be construed in the light of the particular facts of the case in which it is used.

3. ADOPTION, § 8*—*when petition sufficient though residence of child's parent not alleged.* The Adoption Act, sec. 2 (J. & A. ¶ 194), providing that "the petition shall also state the residences of such parties, so far as the same are known to the petitioner," is complied with although the residence of the mother and sole surviving parent of a bastard child sought to be adopted is not expressly alleged, where the name of such parent is set out in the petition, with an allegation that she consented thereto, and where the court affirmatively finds, presumably on competent evidence properly received, that both mother and child resided with petitioners in Chicago at the time of the adoption, since it is jurisdictional facts which give a court jurisdiction, and not the manner in which they are stated.

4. ADOPTION, § 8*—*when petition sufficient as to stating cause for adoption.* Although the Adoption Act, sec. 2 (J. & A. ¶ 194), requires petitioner to "state one or more causes for adoption," a petition is not fatally defective in stating "love and affection" as such a cause where the petition actually states sufficient causes for adoption within the meaning of the statute, but does not characterize them as such.

5. ADOPTION, § 1*—*nature of act.* While the Adoption Act (J. & A. ¶ 193 *et seq.*) is in derogation of the common law in so far as

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

judgments under it deprive parents of their natural rights to the custody of their children, it is on the other hand highly remedial and charitable in that it provides a method whereby children who would otherwise be the objects of public charity are suitably provided for by persons who assume a legal duty to do so.

6. ADOPTION, § 1*—*how statute construed.* Although in order to sustain an adoption the provisions of the Adoption Act (J. & A. ¶ 193 *et seq.*) must be substantially complied with, its construction should not be so narrow or technical as to invalidate proceedings where every material provision of the statute has been complied with.

TAYLOR, J., dissenting.

Error to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed. Opinion filed November 15, 1916. *Certiorari* denied by Supreme Court (making opinion final).

MECHEM, BANGS & HARPER, for plaintiff in error; CHARLES S. CUTTING, of counsel.

DIMMITT C. HUTCHINS and ROBERT H. EBERLE, for defendant in error.

MR. JUSTICE GOODWIN delivered the opinion of the court.

Plaintiff in error seeks to reverse the judgment of the Circuit Court entered December 8th, 1915, in a habeas corpus proceeding giving custody of Vincent Harry Warner, an infant, to relators.

Plaintiff in error is the sole living natural parent of the infant involved in the case, who was born out of wedlock, and was, at the time of the judgment, about the age of two years and eight months. Defendants in error, as relators, claimed the right to custody by virtue of a decree of adoption entered in the County Court of Cook county, December 26, 1913. Although plaintiff in error consented in writing to this decree

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

of adoption she now insists that it is a nullity for the following reasons: First, because no summons was issued against the child or publication made for him; second, because the petition does not contain a statement of the residence of the mother; and third, because it does not set out a legal cause for adoption.

The contention that the infant himself is a necessary party to an adoption proceeding is based upon the second section of an act to revise the law in relation to the adoption of children, approved February 27, 1874, as amended by an act approved May 25, 1907. The portions of section 2 necessary to a determination of this question are as follows:

"2.   Form of petition—notice to defendants—adoption notice.]   § 2.   The petition shall state one or more causes for adoption, the name, if known, the sex and the approximate age of the child sought to be adopted and if it is desired to change the name, the new name, and either the name, or that the name is unknown to petitioner (a) of the person having the custody of such child; and (b) of each of the parents or of the surviving parent of a legitimate child or of the mother of an illegitimate child; or (c) if it allege that both such parents are or that such mother is dead, then of the guardian if any of such child or (d) if it allege that both such parents are, or that such mother is dead and that no guardian of such child is known to petitioner, then, of a near relative, or that none such is known to petitioner; the petition shall also state the residences of such parties so far as the same are known to such petitioner.   All persons so named in such petition shall be made defendants by name and shall be notified of such proceedings by summons if residents of this state in the same manner as is now or may hereafter be required in chancery proceedings by the laws of this state except only that the summons shall be made returnable at any time within twenty days after the date thereof.   All persons, if any, who or whose names are stated in the petition to be unknown to petitioner shall be deemed and taken as defendants

by the name or designation of 'all whom it may concern:' *Provided, however,* that in all cases where the persons or any of them hereinabove required to be made defendants shall have been deprived of the custody of the child sought to be adopted by a court of competent jurisdiction and such court in the order appointing a guardian of the person of such child shall have authorized such guardian to consent to the adoption of the child without (notice) to or assent by such person or persons, such person or persons need not be made defendants and no person other than such guardian need be made a defendant to such proceedings, and the consent by such guardian shall be sufficient to authorize the court before which the adoption proceedings are pending to enter a decree of adoption as hereinafter provided. The petition shall be verified by the affidavit of the petitioner." (Hurd's Rev. St. 1913, p. 34, J. & A. ¶ 194.)

The question immediately arises as to whether the words "all persons so named in such petition shall be made defendants" include the child. The original act in relation to the adoption of children, which remained in force from 1874 until it was amended in 1907, very clearly did not require the minor child to be made a defendant or to be represented by a guardian *ad litem.* The court, therefore, must at the outset meet and determine the question of whether the amendment of 1907 was intended to change the public policy of the State in this regard. Some color for the contention that it was the intention of the Legislature to require the change to be made is found in the language contained in the body of section 2, which requires that the petition shall state the name of the child, and declares that "all persons so named in such petition shall be made defendants by name." On the other hand, it is claimed that the grouping under letters (a), (b), (c) and (d) of parents and persons standing *in loco parentis* indicated that the persons so enumerated were the only ones intended to be made defendants. How-

ever, it seems to the court that the meaning of the words is made certain by the proviso "that in all cases where the persons or any of them hereinabove required to be made defendants shall have been deprived of the custody of the child sought to be adopted by a court of competent jurisdiction," etc. This statement of circumstances under which "the persons or any of them hereinabove required to be made defendants" may be deprived of the custody of the child can have no other meaning than that all the persons required to be made defendants may be deprived of the custody of the child, and this, of course, necessarily excludes the child himself from the category of those required to be made defendants. We would not, of course, be justified in giving the language of the provision this restrictive effect which its literal sense logically requires, if an intention to make the child a necessary party was made apparent by language used in other portions of the statute or by the language of the statute as a whole. It is, moreover, to be noted that as the child had never been required to be made a party to adoption proceedings by the law as it existed prior to the amendment of 1907, it must be assumed that had the Legislature intended to make a radical change in this regard, it would have made its purpose clear by the use of clear and explicit language, and would not have left it in any way uncertain. The conclusion which the court has reached on this point is in harmony with the practical construction placed upon the act by court and counsel. For us now to place upon the act an interpretation which would invalidate a large portion, if not most, of the adoptions made in good faith during the past nine years, and so disinherit many who would otherwise be entitled to share in the estates of their adoptive parents, would, in the absence of language making such a ruling necessary, be, in our opinion, an act of inexcusable injustice.

Counsel for appellant next contend that the failure of the petition to recite the residence of the mother of the child was fatal to the jurisdiction of the County Court, because section 2 provides, "the petition shall also state the residences of such parties so far as the same are known to such petitioner." The first case arising in Illinois in which the question of jurisdiction in adoption cases is discussed is *Barnard v. Barnard*, 119 Ill. 92, in which the mother appeared and consented to the adoption, but the father did not appear and no allegation was made that he was dead or had abandoned the child. In support of the adoption the court said, at page 98:

"It is not important, here, to inquire,—this record coming before this court collaterally,—whether the County Court erred, simply, in decreeing as it did. The question is, did it have jurisdiction to make any decree in the matter. If it had jurisdiction to decree in the case, the decree, until reversed, however erroneous, merely, must stand. It will be observed the statute clearly gives the court power to decree as to the subject-matter, and the only question, therefore, is, whether the parties required by the statute to be before the court, in order that such a decree be rendered, were in fact before the court. The presumption, in the first instance, is, that the court had jurisdiction, unless it is apparent from the act itself that the court could not have had jurisdiction in any contingency, or unless the statute empowering the court to act requires the record to affirmatively show, precedent to its decree, some fact which it fails to show. * * * * * *

"We have seen, the statute requires that the name of the father shall be stated, and that he consents to the adoption; but this is only in the event that he is alive, and has not abandoned the child, for, if he be dead, or, if he be alive and has abandoned the child, it is only necessary to state the name of the mother, and that she consents to the adoption. The fact of the father's

death or abandonment is not required to be affirmatively stated.''

This view of the matter, however, does not appear to be in harmony with the case of *Watts v. Dull,* 184 Ill. 86, in which the court said, at page 92:

''The petition, thus required by the act, is jurisdictional in its character; and the facts, which are required by the statute to give the court jurisdiction, must appear upon the face of the petition itself.''

At page 93, the court continues:

''Furthermore, section 2 of the act requires that the petition shall state 'the name and residence of the parents of the child, if known to the petitioner.' The petition in the case at bar states that the father of the child was dead, but it does not state the name and residence of the mother of the child, although the latter appears from the petition to have been alive. Of course, the name and residence of the parents of the child are only to be stated, if they are known to the petitioner. Inasmuch as this petition does not state whether such name and residence were known to the petitioner or not, the question arises whether it will be presumed that such name and residence were unknown because there is no allegation on the subject. Under the general doctrine already announced, that everything will be presumed to be without the jurisdiction of the court, when proceeding under a special statute, which does not distinctly appear to be within it, it would seem that such presumption as to the name and residence being unknown would not be entertained, but that the petition, by omitting any allegation on the subject, is fatally defective.''

The court attempts, however, to distinguish the *Barnard* case, *supra,* by saying, at page 94:

''It will be noted, however, that, in the *Barnard* case, the mother filed her written consent to the adoption of the child. Here, however, it does not appear that the mother of the plaintiff in error gave her consent to the adoption.''

While it is said in *Watts v. Dull, supra,* that the petition was fatally defective because the court could not

indulge in any presumption that the name and residence of the father were unknown, it does not, of course, attempt to say that it would still remain fatally defective if that fact appeared otherwise of record; it merely said that the court could not indulge in such a presumption. Necessarily, if the court found that the father was dead or had abandoned his family, no presumption would be necessary in aid of the petition, for the petition would then state all the facts required to give the court jurisdiction. The language of the court is, of course, always to be construed in the light of the particular facts of the case in which it is used, and it is on that ground that *Watts v. Dull* may be harmonized with *Flannigan v. Howard,* 200 Ill. 396, where the petition for adoption failed to give the residence of the child's parents. In the latter case, as in the case at bar, the petition complied with the requirement that the names of the parents of the adopted child be stated, and alleged that they consented to her adoption by the petitioner. The written consent gave the residence of the parents. Mr. Justice Cartwright, in delivering the opinion of the court, said, at page 400:

"There must be a substantial compliance with the provisions of the statute, but the construction of the statute should not be so narrow or technical as to invalidate proceedings where every material provision has been complied with. Every purpose of stating the place of residence of the parents was fully satisfied by the statement in the written consent, which was referred to in the petition and filed with it as a part of the application. The statute was substantially complied with. The court had jurisdiction over the petitioner, the plaintiff in error, who resided with petitioner in La Salle county, and the natural parents. All the jurisdictional facts appeared from the record of the County Court, and the order is not open to collateral attack in this proceeding."

It will be noted in the case at bar that not only is

the name of the sole parent of the adopted child given and allegation made that she consented to the adoption, but it appears also, as it did in *Flannigan v. Howard, supra,* that at the time of the adoption the sole parent and the child resided with the petitioners, and the court affirmatively found that the mother resided in the City of Chicago. If it is true that, as Mr. Justice Cartwright says, "Every purpose of stating the place of residence of the parents was fully satisfied by the statement in the written consent, which was referred to in the petition and filed with it as a part of the application," it is equally true that every purpose of stating the place of residence of the parents is fully satisfied here by the finding of the court in regard to her residence. In *Flannigan v. Howard,* the statement in the consent that the parents resided in Lostant was unnecessary and immaterial as a part of the consent, and was of no probative force whatever; it might or it might not be true.

In the case at bar, however, the residence of the sole parent is affirmatively found by the court, and presumably that finding was based upon competent evidence properly received. The cases cannot, in our opinion, be distinguished on the ground that the consent accompanied and was referred to in the petition for it was not made a part of the petition by reference or otherwise. The doctrine of the case, as stated by the learned justice, is that if "all the jurisdictional facts" appear "from the record of the county court the order is not open to collateral attack" and that if the place of residence of the parents is omitted from the petition, it will not deprive the court of jurisdiction if that fact appears otherwise of record, since "every purpose of stating the place of residence of the parents" is thereby fully satisfied. This clearly is in harmony with reason, because it is jurisdictional facts which give a court jurisdiction, and not merely the manner in which they are stated, and this is particu-

larly the case, where the sole party who could have objected to the petition has consented to the adoption.

Counsel for appellant also contend that the petition is fatally defective because, while the statute requires it to state one or more causes for adoption, "love and affection" is not one of the causes therein enumerated. Counsel admit that this petition actually states matters which are "causes for adoption," but say "they are not stated as causes for adoption." This contention is clearly without merit.

In construing this statute it must, of course, be remembered that while it is in derogation of the common law so far as judgments entered under it deprive parents of their natural right to the custody of their children, it is, on the other hand, highly remedial and charitable in its purpose, in that it provides a method whereby children who would otherwise be the objects of public charity become the legal children and heirs of adopted parents who are able to give them suitable maintenance and education and who assume a duty to do so. It would be most unfortunate if so technical a construction should be given it as to render invalid adoptions in cases where all the essential facts appeared of record, although they might not be stated in the form or in the particular document mentioned in the statute. As innumerable adoptions have taken place since the decision of the court was handed down in *Flannigan v. Howard, supra,* to depart now from the enlightened rule there laid down that "there must be a substantial compliance with the provisions of the statute, but the construction of the statute should not be so narrow or technical as to invalidate proceedings where every material provision has been complied with," would be to cause, without justification, obvious and unnecessary hardship.

For the reasons above stated, the judgment of the Circuit Court will be affirmed.

*Affirmed.*

MR. JUSTICE TAYLOR dissents.