*In re* RENDELL'S ESTATE.

1. WILLS—COMMON LAW—EFFECT OF BIRTH OF CHILD AFTER MAKING PARENT'S WILL.

At common law, the birth of a legitimate child subsequent to the making of the parent's will did not operate as a revocation.

2. SAME—STATUTORY RIGHTS OF CHILD BORN AFTER MAKING OF PARENT'S WILL.

Under 3 Comp. Laws 1915, § 13790, a legitimate child, born after the making of a parent's will in which no provision is made for such child, takes the same share in the estate as if the parent had died intestate, unless it is apparent from the will that it was the parent's intention that no provision should be made for such child; the will not being revoked *in toto*, but to the interest only that such child would have in the estate if the parent had died intestate.

3. DESCENT AND DISTRIBUTION—RIGHT OF INHERITANCE OF ADOPTED CHILD SAME AS THOUGH BORN IN LAWFUL WEDLOCK.

Under 3 Comp. Laws 1915, § 14142, establishing the legal status of an adopted child, its right of inheritance is made identically the same as though it had been born to the adoptive parents in lawful wedlock.

4. WILLS—STATUTORY RIGHTS OF CHILD ADOPTED AFTER MAKING OF PARENT'S WILL.

Under 3 Comp. Laws 1915, §§ 13790, 14142, a child adopted after the making of an adoptive parent's will in which no provision is made for such child takes the same share in the estate as if the adoptive parent had died intestate, unless it is apparent from the will that it was the adoptive parent's intention to make no provision for such child.

Error to Oakland; Lamb (Fred S.), J., presiding. Submitted June 5, 1928. (Docket No. 27, Calendar No. 33,363.)   Decided October 1, 1928.

On sufficiency of provision as to after-born child to prevent revocation of will, see annotation in 43 L. R. A. (N. S.) 1195.

As to whether adoption of child subsequent to execution of will by adopted parent revokes will, see annotation in 30 L. R. A. (N. S.) 916; L. R. A. 1918F, 1083.

Frank Miller presented for probate the last will of Sarah A. Rendell, deceased. The will was disallowed in the probate court, and proponent appealed to the circuit court. Judgment for contestant. Proponent brings error. Affirmed.

*Harry J. Connine* (*Thomas F. Murphy,* of counsel), for appellant.

*Patterson & Patterson,* for appellee.

McDonald, J. Sarah A. Rendell and Maurice Rendell were husband and wife. No children were born to them. On June 23, 1920, they adopted a boy four years of age. The order of adoption was regularly made by the probate court. Its legality is not questioned. Subsequently Mrs. Rendell died. She left a will which had been made five years before the adoption. In this will she gave all of her property to her mother for life and the remainder over to her brother and sisters. Probate of the will was refused on the ground that it was revoked by the subsequent adoption of the child. The proponent has brought error.

Assuming, if we may, that an adopted child has exactly the same legal status in the family as a natural child, the first question to be considered is whether the will of a father or mother is revoked by the subsequent birth of a legitimate child for whom no provision is made. At the common law, the birth of a legitimate child subsequent to the making of the parent's will did not operate as a revocation. So, unless our statutes relating to after-born children have a different effect upon the will, the common-law doctrine must be held to control this case. The following section of our statute is applicable:

"When any child shall be born after the making of his father's or his mother's will, and no provision

shall be made therein for such child, he or she shall have the same share in the estate of the testator as if the parent had died intestate.  And the share of such child shall be assigned to him, as provided by law in case of intestate estates, unless it shall be apparent from the will that it was the intention of the testator that no provision should be made for such child.''   3 Comp. Laws 1915, § 13790.

The language of this statute is plain and unambiguous.

''The legislature evidently had in mind that if the father failed to make provision in his will for the unborn child, the law should make a provision for it, unless the parent made it clear in the will itself that the omission to provide was intentional.''  *Carpenter* v. *Snow,* 117 Mich. 489 (41 L. R. A. 820, 72 Am. St. Rep. 576).

The effect of the statute is not to revoke the will *in toto,* but to the interest only which such child would have in the estate if the parent had died intestate.  In this country where the common-law rule is regarded as harsh and unjust to children, the tendency of all legislation has been to follow the doctrine of the civil law, which protected the rights of after-born children in declaring that subsequent birth operated as an implied revocation.  Objection is made to this interpretation of such statutes on the ground that it takes from the testator the sacred right to dispose of his property as he pleases.  Such was not the purpose.  In *Porter* v. *Porter's Ex'r,* 120 Ky. 302, 306 (86 S. W. 546), it was said:

''The statute was enacted not to control the right of the testator to dispose of his estate among the beneficiaries of his bounty according to a plan of his own, but to guard against the hardships frequently arising from oversight and carelessness in

those who, having written their wills, afterward have children born unto them and fail to make provision for them. But if there be in the language of the testament a clear indication that there has been no oversight or omission, and that the testator has chosen to distribute his estate unequally among his children, or even to exclude some of them entirely, it is not the policy of the law to interfere with his right to distribute his estate according to his pleasure."

A further discussion of this subject will be found in the note to *Easterlin* v. *Easterlin*, Ann. Cas. 1913 D, 1316 (62 Fla. 468, 56 South. 688).

Having determined that the subsequent birth of a legitimate child for whom no provision is made revokes the will of its father or mother to the extent of the interest it would have in the testator's estate if he had died intestate, our next inquiry is whether the adoption of a child operates to revoke the prior will of an adoptive parent in the same manner.

The applicable portion of our adoption statute reads as follows:

"The persons or person so adopting such child shall thereupon stand in the place of a parent or parents to such child in law, and be liable to all the duties and entitled to all the rights of parents thereto, and such child shall thereupon become and be an heir at law of such person or persons, the same as if he or she were in fact the child of such person or persons." 3 Comp. Laws 1915, § 14142.

This statute establishes the legal status of an adopted child. Its right of inheritance is made identically the same as though it had been born to the adoptive parents in lawful wedlock.

"In passing the adoption statute the legislature evidently intended, in so far as language would make it possible, to place the adopted child in the family

in the same position as the natural child." *Burk* v. *Burk,* 222 Mich. 149, 152.

"The aim and end of adoption statutes is the welfare of children. The theory  *  *  *  is that such welfare will be best promoted by giving an adopted child the status of a natural child. An incident of that status is capacity to inherit in case of the parents' intestacy." *Bilderback* v. *Clark,* 9 A. L. R. 1622 (106 Kan. 737, 189 Pac. 977).

Having the same right of inheritance from the parent, why does not an adopted child come within the statute relative to natural children born subsequent to the making of a will?

"The reasons for the rule that subsequent birth of a legitimate child to the testator before his death operates as a revocation of his prior will apply with equal force to a subsequent adoption under a statute like ours, containing no exceptions or qualifications, and declaring that the rights, duties and relations between parent and child by adoption shall 'in all respects, including the right of inheritance, be the same that exist by law between parent and child of lawful birth.' While these relations and rights are statutory, and may not be enlarged beyond the plain meaning of the statute, that meaning should not be defeated by any strained construction." *Hilpire* v. *Claude,* 109 Iowa, 159, 168 (80 N. W. 332, 46 L. R. A. 171, 77 Am. St. Rep. 524).

In 1 R. C. L. p. 620, we find the following:

"An adopted child not named in the will of the adoptive parent will, like any other lawful child, take the same share in the parent's estate as if the parent had died intestate, and in most jurisdictions wherein adopted children are entitled to the same rights of inheritance as natural children and the birth of children to a testator operates as a revocation of a previously executed will, the adoption of a child is held to revoke a will previously made by an

adoptive parent, though authority exists to the contrary.''

In support of the text, *Flannigan* v. *Howard,* 200 Ill. 396 (65 N. E. 782, 59 L. R. A. 664, 93 Am. St. Rep. 201), is cited. The adoption statute involved in that case is similar to ours in that it declares the adopted child shall have the same right of inheritance as a natural child. It was there held that the adoption of a child revoked a prior will of its adoptive parent *pro tanto,* because as to inheritance the adopted child was the same as a natural child and came within the statute which provides that the birth of a child after the making of a will by its father or mother revokes the will as to the interest in the estate which the child would have had if the parent had died intestate. In disposing of the question, the court said:

"The act says that if a child shall be born to a testator after the making of a will, such child shall have the right of inheritance therein specified, and the act providing for the adoption declares that the adopted child shall have the same rights as a child born to such testator. So far as inheritance is concerned, the adopted child is to be deemed the child of the testator, precisely the same as though born to the testator. This is the construction given to a statute in all material respects like our own by the supreme court of Iowa in *Hilpire* v. *Claude,* 109 Iowa, 159 (80 N. W. 332, 46 L. R. A. 171, 77 Am. St. Rep. 524). The Iowa statute provides that 'the subsequent birth of a legitimate child to the testator before his death will operate as a revocation.' The statute providing for the adoption of children confers upon the adopted child 'all the rights, privileges, and responsibilities which would pertain to the child if born to the person adopting, in lawful wedlock,' and that 'the rights, duties, and relations between parent and child by adoption shall thereafter in all

respects, including the right of inheritance, be the same as exists by law between parent and child by lawful birth.' In that case it was held that the adoption of a child subsequent to the making of a will by the adopting parent operated as a revocation of the will. Our statute is copied from the Massachusetts act, and under that act it was held that, so far as the right of inheritance is concerned, an adopted child must be regarded in the light of a child born to the adopting parent. *Sewall* v. *Roberts,* 115 Mass. 262.''

There is a conflict in the authorities on this subject, due largely to the difference in the phraseology of various adoption statutes. The question is new in this State, but our statute fixes the status of an adopted child as to inheritance precisely the same as that of a natural child, and that is the controlling fact in determining the question.

It is our conclusion that the adoption of a child after the making of a will by an adoptive parent in which no provision is made for the child comes within the provisions of section 13790, 3 Comp. Laws 1915; and, as in the case of an after-born child, revokes the will to the extent of the share in the estate which it would have had if the parent had died intestate, unless it is clear from the will that the omission to provide for it was intentional.

In the instant case, the adoption of Mervyn Henry Rendell after the will was made operated to revoke it to the extent of the interest which he would have had in her estate if she had died intestate. In so holding, the circuit judge correctly disposed of the case.

The judgment is affirmed, with costs to the contestant.

Fead, C. J., and North, Fellows, Wiest, Clark, Potter, and Sharpe, JJ., concurred.