## Farber's Ex'r v. Farber.

March 19, 1940.

George K. Holbert, Judge.

374

 

Trabue, Doolan, Helm & Stites, J. Blakey Helm and J. R. Eskridge for appellant.

P. M. Basham for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

John Ulrich Farber died testate in 1937. Under his will, which was executed in June, 1927, he left all of his property to the appellant, John Phillip Ditzenbach. The will also provided that Ditzenbach be executor of the estate. Shortly after the will was probated, the appellee, Add E. Farber, the only child of John Farber, filed an action to contest the will. The grounds of contest were: (1) lack of mental capacity of the testator; (2) undue influence upon the testator; and (3) "the false, fraudulent, and collusive representations of the said John Phillip Ditzenbach, and others, at his suggestion, influencing and misleading the weak mind of the said John Ulrich Farber, into the erroneous belief that his son, and only child and heir at law, this plaintiff, was dead at the time of the said John Ulrich Farber, executed the writing hereinbefore referred to."

Over the objection of the appellant the appellee filed an amended petition on the day of the trial in which he affirmed each and all of the allegations in his petition, and further alleged that the will was not the last will of John Farber for the reason that said Farber believed his son to be dead at the time the will was written and "that said writing does not, because of the mistaken and erroneous belief of the said John Ulrich Farber, who believed this plaintiff to be dead, speak his last wish and will." The appellant moved for a peremptory instruction at the close of appellee's evidence, and also at the conclusion of all the evidence. These motions were overruled, but the court submitted to the jury only the question of whether John Farber believed at the time of the execution of the will and at the time of his death that his son was dead.

The first two instructions given were:

"1. You will find the paper offered for pro bate and dated June 23, 1927, to be the will of John

Ulrich Farber, unless you believe from the evidence that at the time of the execution of the will, and at the time of his death, said John Ulrich Farber believed his son to be dead.''

''2. If you believe from the evidence that at the time of the execution of said paper, and at the time of his death, said John Ulrich Farber believed his son to be dead, then you should find said paper not to be the will of John Ulrich Farber.''

The finding of the jury was:

''We the jury find the paper dated June 23, 1927, and read in evidence herein, not to be the will of John Ulrich Farber, deceased.''

Judgment was entered accordingly; hence this appeal.

Reversal is urged upon several grounds, the first of which is the trial court erred in permitting the amended petition to be filed. It is insisted that belief on the part of the testator that his son was dead at the time the will was made and at the time of his death is not a ground upon which the will may be contested. The amended petition involved the question as to whether or not John Farber believed his son to be dead when he made his will in 1927. Having reached the conclusion that belief on the part of the testator at the time he made his will in 1927 and also at the time of his death in 1937 that his son was dead (assuming that he so believed) was not a proper ground upon which to set aside his will, we deem it unnecessary to discuss other points raised by the appellants.

Section 4842 of the Statutes reads as follows:

''If the testator has a child or grandchild living at the time of his death whom, then and at the time of making the will, the testator believes to be dead, or if a child dies out of the state within the knowledge of the testator, leaving issue of which the testator has no knowledge at such time, and no provision for or exclusion of such child, grandchild, or issue is made by the will, the child, grandchild, or issue shall take of the testator's estate as if he had died intestate, and as is hereinafter provided in favor of

a pretermitted child. But the presumption that such pretermission was the result of mistake on the part of the testator may be rebutted by parol or other proof.''

Reference is made to this section in the cases of Knut v. Knut, 58 S. W. 583, 22 Ky. Law Rep. 972, and Logan v. Bean's Adm'r, 120 Ky. 712, 87 S. W. 1110, 27 Ky. Law Rep. 1081; but the questions in those cases are not determinative of the one now before us. It is obvious from the reading of Section 4842 that the contesting of a will is not a prerequisite to making claim under that statute. In fact the will stands, but the one making the claim, if substantiated, takes as if the testator had left no will. It is clear from the last sentence of the statute quoted that the presumption is in favor of the party making the claim. Parol or other proof may be offered by the party attempting to defeat the claim. The issue is clear-cut and the proof should be directed to the question of whether the testator believed the one claiming under the statute to be dead at the time of his death and at the time he made his will. Such is not the case when a will is contested.

Generally speaking, a will may be contested upon the grounds of mental incapacity of the testator, undue influence, fraud and mistake. In such proceedings a wide range of proof is allowed, and the ultimate objective is the wiping out of the entire will. The appellee had a right to contest his father's will, which he attempted to do, and he also had the right to make claim. under Section 4842 of the Statutes, but it was error to assert the two claims in the same action for reasons heretofore discussed.

We have noted that in effect the trial court ruled there was no basis for the three contest grounds covered in the original petition. Our examination of the record leads us to the conclusion that this ruling was correct. An examination of the evidence fortifies also our conclusion that a claim under Section 4842 of the Statutes should not be involved in a will contest. While we do not know what prompted the jury to reach the conclusion it did, there is basis for the view that the wide range of proof allowed on the question of undue influence may have had its effect upon the jury's verdict.

Wherefore, the judgment is reversed, with directions to set it aside and for proceedings consistent with this opinion.