ANTHONY DAVIS, Ex'r, v. RICHARD KING.

*Wills—Latent Ambiguity, parol proof admissible in case of.*

Where, upon the face of the writing itself, a doubt arises as to whether it was intended to be a will, parol testimony is admissible to explain the meaning of the supposed testator. The writing offered in this case, as operating a revocation of the will of the testator, contains none of the elements of a testamentary paper, and hence cannot be helped by evidence *aliunde.*

(*Clayton* v. *Liverman,* 7 Ired., 92, cited and approved).

ISSUE *devisavit vel non* tried at Fall Term, 1883, of LENOIR Superior Court, before *Philips, J.*

The execution of the alleged will and codicil, and the testamentary capacity of the alleged testator, Richard W. King, were proved on the trial; and thereupon the defendant caveator, for the purpose of showing that there had been a revocation, offered in evidence, as a testamentary paper, certain proceedings had before the clerk of the superior court, to-wit:

"The petition of Richard W. King, Mary E. Taylor and Richard Taylor, respectfully showeth unto your worship, that your petitioners reside in the said county of Lenoir; that the petitioner, Richard Taylor, was born on the 17th day of January, 1864; that your petitioner, Mary E. Taylor, is the mother,

and your petitioner, Richard W. King, is the putative father of said Richard Taylor, who was begotten and born out of lawful wedlock; that the said Richard W. King was unmarried at the time of the birth of the said Richard Taylor; that both of said parents are living, and the said Richard Taylor has no estate, and resides with his mother, Mary E. Taylor; that the said Richard W. King desires and intends to adopt the said Richard Taylor for his, the said Richard Taylor's life, to which adoption the said Mary E. Taylor hereby assents, as is signified by her signing and becoming a party of record to this proceeding, and also desires that said Richard Taylor may be declared his legitimate child in pursuance of sections 7 and 8, of chapter 9, of Battle's Revisal. Your petitioners further show, that the said Richard Taylor desires to change his name from Richard Taylor to Richard King.

"Wherefore, your petitioners pray your worship to sanction and allow such adoption, by an order granting letters of adoption, and to decree that the name of the said Richard Taylor may be changed to Richard King, and that they may have such other relief as the case requires; and also to declare the said Richard Taylor the legitimate child of the said Richard W. King." (Signed by Richard W. King, Mary E. Taylor, Richard Taylor and also the attorney of the petitioners, and verified by Richard W. King).

Thereupon, the following decree was made: "Upon reading the foregoing petition and affidavit, the court doth declare that the facts set forth in said petition are true, and it is thereupon decreed that the name of said Richard Taylor be and the same is hereby changed to Richard King. And it further appearing that the said Richard W. King is a proper and suitable person, the adoption prayed for in said petition is hereby sanctioned and allowed, and it is ordered that letters of adoption of the said Richard Taylor be granted and issued to the said Richard W. King, and that the said Richard Taylor be, and he is hereby declared to be, the legitimate child of the said Richard W.

King, in pursuance of sections 7 and 8, of chapter 9, of Battle's Revisal, and this order shall have the effect forthwith to establish the relation of parent and child between the said Richard W. King and the said Richard Taylor, for the life of the said Richard Taylor, with all the duties, powers and rights belonging to the actual relationship of parent and child; and should the said Richard W. King die intestate, the said Richard Taylor shall inherit the real estate and be entitled to the personal estate of the said Richard W. King in the same manner and to the same extent said Richard Taylor would be entitled to do if he had been the actual lawful child of the said Richard W. King. It is further decreed that this order be recorded in the office of ·the clerk of the superior court of Lenoir county. This 25th day of October, 1882." (Signed by the clerk, and approved by the judge of the superior court).

This decree was enrolled in the office of the superior court clerk of Lenoir county, on the 28th of October, 1882. And a certificate was issued by the clerk to Richard W. King, to the effect that, in pursuance of these proceedings, he had adopted said Taylor as his child, and that the relation of parent and child was established between them.

These proceedings were never offered for probate, as a testamentary paper, but the caveator insisted that they were intended by the testator to be, and were a revocation of the will and codicil theretofore published by him; and in support of this position, he offered witnesses to prove that the said petition was signed by Richard W. King, in presence of Mary Taylor and Richard Taylor (the ·defendant), and that they signed the same in his presence and at his request. There was also proof that said testator had stated to witnesses that he desired his son, the defendant, to inherit his property, as he had no other child, and that in order to secure the same to him the said proceedings for adoption were had.

To all of this evidence the plaintiff propounder objected, upon the ground that it is incompetent to show by parol testimony

that the said proceedings for adoption were testamentary in their character and intended to operate as a revocation of the will; and further, that they could not be received as evidence on the trial of this issue, until propounded for probate in the proper court and established as the will of said Richard W. King.

His Honor sustained the objection and ruled out the evidence, and the defendant excepted. Verdict for plaintiff; judgment; appeal by the defendant.

*Mr. George Davis*, for plaintiff.

*Messrs. Strong & Smedes, Hinsdale & Devereux* and *Reade, Busbee & Busbee*, for defendant.

MERRIMON, J. In this state, the revocation of written wills is regulated by statute, and to that statute we must look to see if the evidence offered by the caveator in this action was competent for the purpose of proving a revocation of the written will of Richard W. King, set out in the record.

Sections 41, 42, 43 and 44, of chapter 119 of Battle's Revisal, provide as follows:

"41. No will or testament in writing, or any clause thereof, shall be revocable otherwise than by some other will or codicil in writing, or other writing declaring the same, or by burning, cancelling, tearing or obliterating the same by the testator himself, or in his presence and by his direction and consent; but all wills or testaments shall remain and continue in force until the same be burnt, cancelled, torn or obliterated by the testator, or in his presence and by his consent and direction; or, unless the same be altered or revoked by some other will or codicil in writing, or other writing of the testator, signed by him, or some other person in his presence, and by his direction, and subscribed in his presence by two witnesses at least; or unless the same be altered or revoked by some other will or codicil in writing, or other writing of the testator, all of which shall be in the handwriting of the testator, and his name subscribed thereto, or inserted

therein, and lodged by him with some person for safe keeping, or left by him in some secure place, or among his valuable papers and effects, every part of which will or codicil, or other writing, shall be proved to be in the handwriting of the testator by three witnesses at least."

"42. Every will made by a man or woman shall be revoked by his or her marriage, except a will made in exercise of a power of appointment, when the real or personal estate thereby appointed would not, in default of such appointment, pass to his or her heirs, executors or administrators, or the person entitled as his or her next of kin, under the statute of distributions."

"43. No will shall be revoked by any presumption of an intention, on the ground of an alteration in circumstances."

"44. No conveyance or other act made or done subsequently to the execution of a will of, or relating to any real or personal estate therein comprised, except an act by which such will shall be duly revoked, shall prevent the operation of the will with respect to any estate, or interest in such real or personal estate as the testator shall have power to dispose of, by will, at the time of his death."

These sections comprise all the statutory provisions of this state in respect to the revocation of written wills.

We have examined with care the paper-writing offered in evidence by the caveator on the trial of the issue *devisavit vel non*, to prove a revocation of the will in question. It is the transcript of the record of adoption, legitimation and change of name of an illegitimate son of the testator. It does not purport in terms or effect to be a testamentary paper. There is not a word in it that can, in our judgment, be construed to have a testamentary meaning, nor does it in the remotest degree refer to any will executed or to be executed by the testator; nor in terms or effect does it purport to be a writing signed by himself, or by some other person for him, by his consent and direction in his presence; nor is it a paper-writing, all in the testator's own handwriting and his name subscribed thereto, or inserted therein, and lodged by him with some person for safe keeping, or left by

him in some secure place or among his valuable papers and effects, to be proved to be all in his own handwriting by three witnesses, the object being to revoke the will in question, or any will. In no sense is it testamentary, and this was so manifest that it was not offered for probate.

In the absence of all testamentary and revocatory words that might possibly be construed to be such, and in the absence of any intention expressed in words or by implication, or otherwise, in the paper-writing to revoke the will, the parol testimony offered to show the meaning and purpose of the testator in relation to the paper-writing offered, would be incompetent. To allow such testimony to be received on the trial of the issue would be practically to revoke a will by oral declarations and ignore the plain requirements of the statute.

It is only when upon the face of the writing it is doubtful whether it is testamentary in its purpose, that parol testimony can be received to explain the meaning of the supposed testator. There must be something arising upon the face of the writing that will warrant the testamentary meaning the party offering it attributes to it. It must be capable of a possible construction, such as that given it by the person offering it as a testamentary paper. *Robertson* v. *Dunn*, 2 Mur., 133; *Clayton* v. *Liverman*, 7 Ired., 92; 1 Williams Exrs., 296; *Thorne* v. *Rooke*, 2 Curtis, 799.

The court below properly refused to receive the paper-writing mentioned in the exception, and the parol testimony tending to show the alleged testamentary character of the same.

There is no error. The judgment must be affirmed and it is so ordered. Let this be certified.

No error.                                          Affirmed.