Dowling and Harris, JJ.
(dissenting). It was not the intent of the testator to discriminate against his son Spencer. He created the trust “ for the maintenance, support and welfare of his children ”. He provided that upon the death of a trustee, his next oldest living child should. succeed the deceased trustee. Section 114 of the Domestic Relations Law does not apply here for the reason that Spencer, Jr., .died leaving a natural daughter. That section applies only in case the foster parent dies without heirs. In Matter of Cook (187 N. Y. 253) Judge Vann said at pages 260-261: “ Thus the statute gives to an adopted child the same legal relation to the foster parent as a child of his body, and that relation extends to the heirs and next of kin of the child by adoption the same as to those of a child by nature. The artificial relation is given the same effect as the actual relation, so far as the right of succession is concerned, and the statutory grandchild and grandparent inherit from each other the same as if the relation had been created by nature. In other words, the legislature has ordained that there shall be no difference in the right to inherit between a child by adoption and his heirs and next of kin and a child by nature and his heirs and next of kin, and the courts, as in . duty bound, have obeyed the command. [And cases cited.] ”
In Carpenter v. Buffalo General Electric Co. (213 N. Y. 101) Judge Hogan said at page 107: “ When the legislature provided that the heirs and next of kin of the adopted child shall be the same as if he were the legitimate child of the person adopting, it clearly used the words ‘ legitimate child ’ in the well-established meaning of the term as a child born in lawful wedlock, and effectively embodied in the law of descent a provision that the adopted child was the heir at law and next of kin of the adoptive parent to the same extent as though the adoptive parent in this cáse had borne the adopted child, with all that the term ‘mother’ implies.”
In Gilliam v. Guaranty Trust Co. (186 N. Y. 127) Judge Hiscock said at page 138: “In the first place since the legislature has deemed it wise as a matter of general policy to authorize the adoption of children and to confer upon them in general the rights as well as obligations of natural children, we should be careful not unreasonably to limit those rights for the purpose in some given case of carrying out the assumed intention of some individual.” The first two above cases are cited with approval in Betz v. Horr (276 N. Y. 83, 87-88).
In Matter of Foster (108 Misc. 604) Judge Knapp, then Surrogate of Wayne County, said at pages 611-612:
*951 “ In Matter of Roebuck, 79 Misc. Rep. 589, the court says: ‘"A lineal descendant is one who is in the line of descent from a certain person.” But the line of descent is not merely derived from the communication of Mood by animal generation. “ The line of descent is the course that property takes according to law when the owner dies.” ’
“ As showing the trend of decisions in this state and the length to wMeh they have gone in providing for an adopted child, the case of Bourne v. Dorney, 184 App. Div. 476, is interesting.
“ That was a decision under section 26 of the Decedent Estate Law which provided that whenever a testator should have a child bom after the making of his last will, etc.
“ It will be noticed that the words of the statute here speak of a child born of a testator, and still in the face of that almost positive language the court held that an adopted child filled the requirements.”
The adopted child here was a lineal descendant of his foster father. (Matter of Fedders, 187 Misc. 207, 215.)
The testator doubtless knew that there was a statute governing adoptions in this State. With that knowledge at hand he was careful not to exclude adopted children. He knew Spencer, Jr., had only one child. If he wanted to perpetuate the Kellogg name, an adopted son would do it as well as a natural son. We think the trust should be construed by holding that the adopted son qualified Spencer, Jr.’s, line to take under the trust instrument.
A new guardian ad litem should be appointed to properly advocate and protect the interests of David Bryce Kellogg and Holly Adams.
All concur, except Dowling and Harris, JJ., who dissent and vote for reversal of so much of the judgment as excludes the cMldren of Spencer Kellogg, Jr., from a share in certain income, in a separate memorandum. Present — Taylor, P. J., Dowling, Harris, McCum and Larkin, JJ.
Judgment, so far as appealed from, affirmed, with costs payable out of the fund to all parties filing briefs.