In the Matter of the Probate of the Will of HAROLD A. MENG, Deceased.

Surrogate's Court, Monroe County, February 5, 1952.

*Charles J. O'Brien* and *Donald F. Potter* for Dora I. Meng, proponent.

*Jack Harrison,* special guardian for Mary A. Meng, an infant, respondent.

WITMER, S. In this probate proceeding petitioner has also requested construction of the will to determine whether a child adopted by the testator and his wife after the execution of this will is entitled, under section 26 of the Decedent Estate Law, to take his intestate share of the estate. The will was made in the year 1932, and by it the testator devised and bequeathed his entire estate to his wife, the proponent. He added the following

provision: " This devise and bequest is made notwithstanding any children which may be hereafter born to us." No children were ever born to the testator and his wife, but on November 18, 1948, they duly adopted Mary Anne Meng, the infant respondent.

It is clear that the infant respondent has all of the rights of a natural child of the testator born after the execution of the will. (*Bourne* v. *Dorney,* 184 App. Div. 476, affd. 227 N. Y. 641; *Matter of Cook,* 187 N. Y. 253, 260; and see *Matter of Guilmartin,* 156 Misc. 699, affd. 250 App. Div. 762, affd. 277 N. Y. 689.) And since a natural child of the testator would not be able to share in this estate because of the above-quoted provision in the testator's will (*McLean* v. *McLean,* 207 N. Y. 365, 371; *Holbrook* v. *Holbrook,* 193 App. Div. 286, affd. 230 N. Y. 600; *Matter of Kelly,* 182 Misc. 481; *Matter of Callister,* 147 Misc. 257; *Matter of Brown,* 133 Misc. 457, and see *Matter of Van Hoecke,* 197 Misc. 339, 341–342, affd. 277 App. Div. 832), the only question presented in this case is whether or not under this will an after-adopted child has greater rights than a natural after-born child would have, if living.

I find no precise precedent; but the mere statement of the question suggests a negative answer. In the interest of fairness to adopted children section 26 of the Decedent Estate Law was construed to grant to them a status equal to that of natural children. (*Bourne* v. *Dorney,* 184 App. Div. 476, affd. 227 N. Y. 641, *supra.*) But there can be no justification for going beyond that in this situation and holding that if the testator has not shown by his will that he contemplated children other than those " born to us ", the adopted child may take his intestate share. The will clearly shows the testator's intent that regardless of the fact that he might leave children him surviving, he wanted his wife to receive all of his property. Natural and adopted children must be deemed of equal status in this respect. The will is so construed.

Submit decree accordingly.